FULLER *versus* FIELD *& als.*

No title to personal property can be acquired by the purchaser, at a sale on execution made subject to a prior attachment.

ON REPORT, SHEPLEY, C. J., presiding.

TROVER for a building.

After the evidence was introduced, the cause was submitted for the decision of the full Court upon the legal testimony, with authority to enter judgment by nonsuit or default, as the facts and law might authorize.

The building was personal property. The claim of plaintiff was by an attachment and sale on his execution at public auction. Defendants' title was through an attachment made subsequently to plaintiff's to secure a *lien* claim, and a sale thereof at auction.

By the return of the officer on the execution, it appeared that the sale to plaintiff was made subject to the attachment of defendants to secure their lien.

*Record,* for defendants.

*Ludden,* for plaintiff.

APPLETON, J. — This is an action of trover for a building erected under such circumstances as to be regarded as personal property.

The plaintiff derives title under a sale of the same on execution. The officer by whom the sale was made, returns that he sold it "subject to an attachment in favor of M. Ford and J. G. Field."

In the sale of personal property on execution, subject to the contingencies arising from its attachment in other suits, its price would be affected not merely by the value of the article sold at the time and place of sale, but by the chances whether the plaintiff in those suits to which the sale is subject, will obtain judgment, and whether, if judgments should be recovered, the executions issued thereon shall be seasonably placed in the hands of the attaching officer. The title of a purchaser in such case is liable to be defeated.

He would not therefore give the same price as if there was no such liability. He would regulate the price by his estimate of the uncertainties surrounding the title he might acquire. If the attachments in the suits to which the sale is made subject, should be perfected by judgment and sale on the executions issued thereon, he would gain nothing by his purchase. If for any cause those suits should fail, or the executions should not seasonably be placed in the hands of an officer, in case judgments were obtained, the purchaser will have paid less than if the sale had been subject to no such contingencies. The sale of personal property in this mode, and subject to these uncertainties, would be alike injurious to the rights and interests of debtors and creditors.

The sale of personal property on execution is regulated by statute. There is no provision of R. S., c. 117, under which the sale was made, which authorizes the sale of property on execution subject to the contingencies arising from other suits. The sale not being in accordance with law, the plaintiff has acquired no title.

*Plaintiff nonsuit.*